UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

PARWANA ABDUL SAMAD and
KHATIMA ABDUL SAMAD,                                                                    Petitioners,

v.                                                                       Civil Action No. 4:26-cv-49-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,                                                                Respondents.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Petitioners Parwana Abdul Samad and Khatima Abdul Samad, noncitizen residents of Indiana currently detained in the Western District of Kentucky, seek a writ of habeas corpus pending removal proceedings.  They allege that their detention by immigration authorities violates the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5) and have submitted briefs setting out their respective legal arguments (D.N. 8; D.N. 9).  After careful consideration, the Court will grant the petition for the reasons explained below.

**I.**

Petitioners are sisters and nationals of Afghanistan who entered the United States on August 28, 2024, and have lived in the country since then.  (D.N. 1, PageID.7 ¶¶ 27–28)  They state that they belong to a "minority ethnic group, Hazara, that has been violently targeted by the Taliban in Afghanistan."  (*Id.* ¶ 29)  The petitioners further state that as women, they are "subject to pervasive legal restrictions enforced through brutal violence under the de facto government of the Taliban, including a prohibition on employment, a strict dress code, and a requirement to have

a male escort outside the home." (*Id.*) They "fled Afghanistan after individuals they believed to represent the Taliban attempted to force them into marriages with its members" and "fear they will be persecuted in Afghanistan for their gender, ethnicity, and religious beliefs." (*Id.*) Petitioners were initially detained upon their arrival to the United States but were released under humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A) on November 2, 2024. (*Id.*, PageID.7–8 ¶ 30; *see* D.N. 1-1, PageID.36–37) On December 5, 2024, Petitioners were released on their own recognizance pursuant to 8 U.S.C. § 1226.[1] (D.N. 1, PageID.8 ¶ 31; *see* D.N. 1-2, PageID.39–50) Prior to their re-detention, Petitioners resided in Greenwood, Indiana, with their mother, who is a lawful permanent resident, and brother, who is a U.S. citizen. (D.N. 1, PageID.8 ¶ 32) On December 10, 2025, Petitioners attended a scheduled check-in appointment at a U.S. Immigration and Customs Enforcement (ICE) facility in Indianapolis, Indiana; "[t]hey were told that the appointment was canceled and instructed to return the following day." (*Id.* ¶ 33) Upon attending the appointment the next day, Petitioners were detained pursuant to administrative arrest warrants. (*Id.* ¶ 34; *see* D.N. 8-1, PageID.113; D.N. 8-2, PageID.114) The petitioners state that "[n]o officer informed [them] that [ICE] was revoking their prior release on recognizance or provided a justification for revoking their release, such as a change in circumstances or violation of their respective conditions of release." (D.N. 1, PageID.8 ¶ 34) Petitioners were placed in removal proceedings via a Notice to Appear, which charged them as "alien[s] present in the United States who ha[ve] not been admitted or paroled." (D.N. 1-4, PageID.56, 60) They are detained at the Grayson County Detention Center. (D.N. 1, PageID.2 ¶ 1; D.N. 8, PageID.100)

---

[1] 8 U.S.C. § 1226(a)(2)(B) permits release "on an Order of Recognizance, which is a form of conditional parole." *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

Petitioners seek a writ of habeas corpus against Chicago ICE Field Office Director Samuel Olson, Department of Homeland Security Secretary Kristi Noem, U.S. Attorney General Pamela Bondi, Acting Director of ICE Todd Lyons, and Grayson County Jailer Jason Woosley. (*See* D.N. 1, PageID.6–7 ¶¶ 22–26)  Petitioners allege that their detention without a bond hearing violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment.  (*See id.*, PageID.29–30 ¶¶ 103–10)  Petitioners also allege that Respondents revoked their release in violation of the Administrative Procedure Act and due process and that their detention violates a class-action judgment from the Central District of California.  (*See id.*, PageID.30–31 ¶¶ 111–21; *id.*, PageID.19–20 ¶¶ 68–69)  Petitioners ask the Court to order their immediate release or, in the alternative, bond hearings pursuant to 8 U.S.C. § 1226.  (*See* D.N. 1, PageID.32)  Respondents argue that (1) Petitioners are properly detained under § 1225(b)(2) as applicants for admission who are seeking admission; (2) their release on recognizance was lawfully revoked; (3) the class-action judgment does not have preclusive effect in this matter; (4) Petitioners cannot assert an Administrative Procedure Act claim with their habeas petition; (5) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; and (6) Petitioners' detention does not violate due process because they "[were] afforded all the process [they were] due" under § 1225.[2]  (*See* D.N. 8, PageID.101–11; D.N. 8-7, PageID.153, 155)

---

[2] Respondents do not contest that the Court has jurisdiction to review the habeas petition (*see* D.N. 8-7, PageID.137).  *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[28 U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Petitioners must exhaust their administrative remedies.  (D.N. 8-7, PageID.151 n.4)  Therefore, the Court will not address these issues.

## II.

**A.      Immigration and Nationality Act**

Petitioners assert that § 1226(a), not § 1225(b)(2), governs their detention and entitles them to bond hearings. (*See* D.N. 1, PageID.20–21 ¶ 72) Respondents argue that § 1225 authorizes Petitioners' detention, incorporating by reference arguments from the appellants' brief in *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025). (*See generally* D.N. 8-7)

Respondents' arguments are nearly identical to those made in *Alonso*. The Court thus summarizes and incorporates by reference its reasoning and determination from that decision. There, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," 2025 WL 3083920 at *5 (quoting § 1225(a)(1)), but that he was not "seeking admission" because he resided in the United States at the time of his arrest. *See id.* at *5, *7. Here, Petitioners are applicants for admission because they are "alien[s] present in the United States who ha[ve] not been admitted," § 1225(a)(1) (*see* D.N. 1-4, PageID.56, 60), but they are not "seeking admission" under § 1225(b)(2)(A) because they have lived in the United States for approximately one and a half years (D.N. 1, PageID.7 ¶ 28). *See Alonso*, 2025 WL 3083920, at *6. "[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering." *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *9 (E.D.N.Y. Oct. 6, 2025). Petitioners were arrested in the interior of the United States (D.N. 1, PageID.7 ¶ 28) and thus do not fall within that category. *See, e.g.*, *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *1 (W.D. Ky. Nov. 20, 2025) (finding § 1225 inapposite where petitioner had resided in United States for approximately two years

4

following release on recognizance); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 481 (S.D.N.Y. 2025) (same).

Respondents additionally argue that their position "does not render Section 1226(c) superfluous." (D.N. 8-7, PageID.171) They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect." (*Id.*, PageID.170) As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'" 2025 WL 3083920 at *6 (quoting § 1226(c)(1)(E)(ii)). "Considering that § 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if § 1225(b)(2) authorized their detention as well." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025) (citation omitted). Thus, despite overlap between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, Respondents' reading of § 1225 would render § 1226(c) superfluous. *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE would never need to rely on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been

permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").

Respondents also maintain that their position is supported by the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (*See* D.N. 8-7, PageID.177–79) *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)." (D.N. 8-7, PageID.179) Whether Respondents' position is consistent with *Jennings* is thus not dispositive here. In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." 583 U.S. at 303. The opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain aliens *seeking admission* into the [United States]." *Id.* at 289 (emphasis added). Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

In accordance with its prior decisions addressing the same issue, the Court concludes that Petitioners are detained under § 1226(a), not § 1225(b)(2), and are thus entitled to bond hearings. *See Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *5 (W.D. Ky. Nov. 26, 2025); *Lopez*, 2025 WL 3217036, at *3; *Alonso*, 2025 WL 3083920, at *8.

B.     **Class-Action Judgment**

Petitioners assert that the Court should grant their petition on the ground that they are members of a class certified in the Central District of California eligible for nationwide, declaratory relief against mandatory detention. (*See* D.N. 1, PageID.19–20 ¶¶ 68–69) Respondents argue that the class action is neither applicable nor binding here on several grounds. (*See* D.N. 8, PageID.102–10)

Recently, final judgment was entered for a class defined as

> [a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713982, at *1 (C.D. Cal. Dec. 18, 2025), *appeal filed*, No. 25-7958 (9th Cir. Dec. 19, 2025). The final judgment "(1) declared that the Department of Homeland Security['s] . . . new policy of deeming noncitizens arrested in the United States and charged with being inadmissible as 'applicant[s] for admission' subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) conflicted with the text of the Immigration [and] Nationality Act . . . and (2) vacated that policy under the Administrative Procedure Act." *Falcon v. Wofford*, No. 1:26-cv-00181-WBS-EFB, 2026 WL 171927, at *1 (E.D. Cal. Jan. 22, 2026); *see Bautista*, 2025 WL 3713982, at *3–4. This Court and others have found it "'not necessary . . . to adopt the position of the Central District of California' and have instead reviewed habeas petitions 'on the[ir] independent merits.'" *Coronel-Hernandez v. Woosley*, No. 4:26-cv-20-DJH, 2026 WL 227011, at *4 (W.D. Ky. Jan. 28, 2026) (omission and alteration in original) (quoting *Rodriguez v. Noem*, No. 4:25-cv-176-RGJ, 2026 WL 116412, at *9 n.8 (W.D. Ky. Jan. 15, 2026)); *e.g.*, *Meza v. Lewis*, No. 4:25-cv-171-RGJ, 2026 WL 92102, at *10 n.8 (W.D. Ky. Jan.

13, 2026) (taking the same approach). Accordingly, the Court will "'rest[] its decision' on the merits of" the habeas petition here. *Coronel-Hernandez*, 2026 WL 227011, at *4 (alteration in original) (quoting *Rodriguez*, 2026 WL 116412, at *9 n.8).

**C.     Due Process**

Petitioners assert that their detention without a bond hearing violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.29–30 ¶¶ 106–10) Respondents argue that "Section 1225(b)(2) does not afford Petitioner[s] the ability to obtain release on bond, and so the Due Process Clause does not either." (D.N. 8-7, PageID.180) Because Petitioners are detained under § 1226, not § 1225, Respondents' argument as to the process required by § 1225(b)(2) is futile. *Singh*, 2025 WL 3298080, at *5.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, the petitioners here "ha[ve] a significant private interest in not being detained." *Id.*; *see Singh*, 2025 WL 3298080,

at *6; *Alonso*, 2025 WL 3083920, at *9. Moreover, "the risk of erroneously depriving [Petitioners] of [their] freedom is high if the [immigration judge] fails to assess [their] risk of flight and dangerousness." *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R. § 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite*, 2025 WL 2829511, at *15. Thus, because all three *Mathews* factors weigh in Petitioners' favor, the Court concludes that their detention violates due process.[3] *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Parwana Abdul Samad's and Khatima Abdul Samad's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Petitioners, and, in the event they are arrested and re-detained, provide them with bond hearings before a

---

[3] In light of this conclusion, the Court need not analyze the Administrative Procedure Act allegation regarding the revocation of Petitioners' release. *See, e.g., Choy v. Woosley*, No. 4:25-cv-197-DJH, 2026 WL 324601, at *6 (W.D. Ky. Feb. 6, 2026) (declining to consider Administrative Procedure Act claims after concluding that petitioner's detention violated due process); *Londono Perez v. Moniz*, No. 25-cv-13779-FDS, 2025 WL 3653846, at *2 (D. Mass. Dec. 17, 2025) (declining to reach claims under Fourth Amendment and Administrative Procedure Act after finding that petitioner was entitled to bond hearing).

neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **February 25, 2026**.

(2) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

February 24, 2026

David J. Hale, Chief Judge
United States District Court